**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CLARENCE BRANCH**                                             **CIVIL ACTION**

**VERSUS**                                                               **NO. 14-906**

**UNITED STATES OF AMERICA, ET AL.**                     **SECTION "H" (3)**

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Clarence Branch filed the above-captioned matter in this Court in which he sues defendants United States of America, the Governors of Texas and California, and the Attorneys General of Texas, California and the United States.

On April 28, 2014, this Court ordered Branch to show cause by June 6, 2014 why his complaint should not be summarily dismissed for failure to state a claim and for lack of subject-matter jurisdiction. Branch failed to comply with this Court's order.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i)      is frivolous or malicious;
> (ii)     fails to state a claim on which relief may be granted; or
> (iii)    seeks monetary relief against a defendant who is immune

1

from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

The Court first notes that there are no allegations in the complaint.  The only language in the complaint is "I Pray......Enumeration the above civil action....Court code 13:1213."[3]  There are no factual allegations to which any defendant could potentially respond in a responsive pleading.  There is no allegation that any law has been violated.  And there is no request for relief.  Such bare-bones allegations do not state a claim upon which relief can be granted.

In addition, federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may

---

[1]     *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]     *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]     Branch also attached a print-out of a docket sheet from the Northern District of California that reveals that he is suing the state of California in that court.

not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[4]  There is no jurisdictional statement, and, given the Court's familiarity with its lack of jurisdiction over the federal government and the states and the immunity accorded parties such as attorneys general, it appears that no subject-matter jurisdiction over these parties exist here.  Because Branch has failed to comply with the rule to show cause, he has made no showing that this Court has subject-matter jurisdiction.

The Court notes that its search of the nationwide Pacer system reveals that Branch is a prolific filer of lawsuits against the federal government and the states, in all of which he proceeds as a pauper, wasting this Court's and other federal courts' time and expense.  Indeed, many federal courts have recently dismissed similar lawsuits by Branch as frivolous.  *See* Civ. A. No. 3:2014-cv-00239 (W.D.N.C.) (dismissed June 2, 2014); Civ. A. No. 1:2014-cv-01624 (D. Md.) (dismissed May 22, 2014); Civ. A. No. 3:2014-cv-00297 (N.D. Cal.) (dismissed April 28, 2014); Civ. A. No. 4:2014-mc-00767 (S.D. Tex.) (dismissed March 31, 2014).  The Court warns Branch to tread carefully the next time he seeks to file a lawsuit in this Court, which will not hesitate (1) to deny his application to proceed as a pauper if the complaint is as patently frivolous as the one here and (2) to sanction him for abuse of the judicial process.

Accordingly,

**IT IS RECOMMENDED** that Branch's complaint be DISMISSED WITH PREJUDICE for

---

[4]        *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

failure to state a claim and for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 16th day of June, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**